IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH L. RAINEY, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-15-1817 |
| | : | |
| WARDEN ODDO, | : | (Judge Brann) |
| | : | |
| Respondent | : | |

**MEMORANDUM**

June 7, 2016

**Background**

Joseph Rainey, an inmate presently confined at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania (FCI-Allenwood), filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241. This matter was initially dismissed for failure of the Petitioner to submit the required filing fee or file a proper in forma pauperis application. After Petitioner paid the required filing fee, this matter was reopened.

Petitioner states that he was found guilty of three drug related offenses[1]

[1] Specifically, conspiracy to distribute 50 grams or more of cocaine base, distribution of cocaine base, and possession with intent to distribute cocaine base. See 21 U.S.C. §§ 841, 846, and 851.

following a jury trial in the United States District Court for the Western District of Missouri on June 7, 2007. As a result of that conviction, he was sentenced on November 19, 2007 to a term of life imprisonment. See Doc. 2, p. 14. There is no indication that Rainey filed a direct appeal. Petitioner indicates that he previously sought relief with the sentencing court via a petition (which included his pending lack of counsel argument) pursuant to 28 U.S.C. § 2255. See Doc. 1, ¶ 10. Rainey also asserts that he filed an unsuccessful petition with the United States Court of Appeals for the Eighth Circuit seeking leave to file a second or successive § 2255 action.[2]

Rainey's pending petition claims entitlement to federal habeas corpus relief on the grounds that his conviction "is void" due to non-compliance with Federal Rule of Criminal Procedure 32. Doc. 2, p. 1. Specifically, Petitioner claims that the district judge failed to sign the judgment of conviction which was entered by the clerk of court. Rainey further contends that the sentencing court's oral pronouncement of sentence did not order the payment of restitution and did not find him guilty under Title 18 U.S.C. § 841 and 851, as reflected in the judgment of conviction order. Petitioner also asserts that he was tried and sentenced without the assistance of counsel and that there was no proper waiver of counsel.

---

[2] Petitioner indicates that he purpose of that application was to obtain permission to pursue a speedy trial violation claim.

**Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1 (M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Since he initiated his action before this Court, Petitioner is apparently arguing that he may bring his present claims of unconstitutional conviction and sentence via a § 2241 petition. It would appear that it is Rainey's contention that

this Court has jurisdiction over his § 2241 action by virtue of his ongoing detention at FCI-Allenwood.

When challenging the validity of a federal conviction and sentence and not its execution,[3] a federal prisoner is generally limited to seeking relief by way of a motion pursuant to 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language in § 2255, known as the safety-valve clause, must be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 325 Fed. Appx. at 47 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is

---

[3] A federal prisoner may challenge the execution of his sentence by initiating an action pursuant to § 2241. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).

determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. See also Alexander v. Williamson, 324 Fed. Appx. 149, 151 (3d Cir. 2009).

Petitioner is clearly challenging the validity of his conviction and sentence which transpired in the Western District of Missouri. Thus, he must do so by following the requirements of § 2255. As previously noted, Petitioner admits that he filed a § 2255 action. Petitioner also states that he previously sought relief seeking authorization from the Eighth Circuit to file a second or successive § 2255 petition for the purpose of pursuing a claim which is not raised in this action.

Rainey's pending arguments are not based upon a contention that his conduct is no longer criminal as a result of some change in the law. Nor has Petitioner shown that he is unable to present his claims via a § 2255 proceeding. As recognized by the Honorable Kim R. Gibson in Pollard v. Yost, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence

coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal."

Clearly, Petitioner's pending claims do not fall within the narrow Dorsainvil exception to the general rule that section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence. See Levan v. Sneizek, 325 Fed. Appx. 55, 57 (3d Cir. April 2009). As previously noted, Petitioner has not properly sought authorization from the appropriate Court of Appeals to file a second or successive § 2255 petition for the purpose of pursuing his present claims. See Dixon v. Warden, FCI-Schuylkill, 2015 WL 871828 *3 (M.D. Pa. Feb. 27, 2015)(before the federal court door to the filing of a § 2241 petition opens, the applicant is first required to seek authorization from the Court of Appeals to file a second or successive § 2255 petition).

Since there is no basis for a determination that § 2255 is inadequate or ineffective to test the legality of Petitioner's conviction, his § 2241 petition will be dismissed for lack of jurisdiction. See McCarthy v. Warden USP-Lewisburg, 436 Fed. Appx. 68, 69 (3d Cir. 2011)(denial of counsel claim must be asserted in §

2255 proceeding). Of course, this dismissal has no effect on Petitioner's right to properly seek authorization from the Eighth Circuit to file a second or successive § 2255 petition. An appropriate Order will enter.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge